## Case No. 12,112.

### RUE et al. v. DECKER et al.

[3 McLean, 575.] [1]

Circuit Court, D. Michigan. June Term, 1845.

EXECUTION—SALE OF LAND—LAW IN FORCE.

Under the decisions of the supreme court, land must be sold on execution, under the law in force at the time the contract was entered into.

[This was a bill in equity by Rue & Wood against Decker and others.]

Mr. Vandyke, for complainants.

Mr. Barstow, for defendants.

OPINION OF THE COURT. This is a bill to foreclose a mortgage, dated fifteen days after the statute of Michigan took effect, which requires a valuation of real estate when sold on execution, and that it shall sell for at least two thirds of its appraised value. It is insisted that, as the valuation law of [Feb. 17] 1842 [Laws 1842, p. 135] had not been adopted by the court, the mortgaged premises must

[1] [Reported by Hon. John McLean, Circuit Justice.]

be sold without valuation. In the case of M'Cracken v. Hayward, 2 How. [43 U. S.] 813, speaking of the laws of Illinois regulating the sale of real property on execution, the court say, "The obligation of the contract between the parties in this case, was to perform the promises and undertakings contained therein; the right of the plaintiff was to damages for the breach thereof, to bring suit, and obtain a judgment, to take out and prosecute an execution against the defendant, till the judgment was satisfied, pursuant to the existing laws of Illinois. These laws, giving these rights, were as perfectly binding on the defendant, and as much a part of the contract, as if they had been set forth in its stipulations, in the very words of the law relating to judgments and executions." According to this, the execution laws of Michigan became a part of the contract, and, consequently, they cannot be changed so as to impair the obligations of the contract. How this doctrine can be carried out, where suit is brought on the contract in a state where it was not made, is beyond my comprehension. It would require land to be sold in Michigan under the laws of Ohio. There is no escaping from this result. And yet this decision stands as the law to govern state, as well as federal, courts. Effect may be given to the decision in the case under consideration. As the contract was made under the act of 1842, the sale must be regulated by it.